UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES, CDCR #G-43030,<br><br>                          Plaintiff,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>                        Defendants. | Case No.: 24cv-0401-CAB (DTF)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

      Plaintiff William Dawes is a state prisoner proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983 accompanied by a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1-2. Plaintiff names as Defendants the People of the State of California, the Governor of California, the California Attorney General, a Deputy District Attorney, a Public Defender, four Judges, the San Diego Sheriff's Department, Patton State Hospital, and four psychiatrists. ECF No. 1 at 2-5. He claims they violated his federal constitutional rights in connection to his criminal trial and competency determination in the San Diego County Superior Court and failed to protect him from assault by inmates at the San Diego County Jail. *Id*. at 6-11.

1

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).  A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1)&(4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed.  28 U.S.C. § 1915(b)(1)&(2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his California Department of Corrections and Rehabilitation ("CDCR") Inmate Statement Report and Prison Certificate attested to by a CDCR trust account official.  ECF No. 2 at 4.  The document shows he had an average monthly balance of $20.37 and average monthly deposits of $16.67, with an available balance of $0.00.  *Id*.

The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee.  *See Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment

is ordered.")  The Court directs the Secretary of the CDCR or his designee to collect and forward to the Clerk of Court the $350 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

    **A.     Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).")  Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation

of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### B.     Claims Challenging Criminal Proceedings

Plaintiff alleges that Defendants California Governor Newsom and California Attorney General Bonta allowed Defendant Deputy District Attorney Blaylock to criminally prosecute him, which involved competency proceedings, without ensuring he received a fair trial by destroying evidence and introducing false evidence and perjured testimony, and by denying him his rights to trial by jury, to call and cross-examine witnesses, to present evidence in his defense, to refuse to incriminate himself, and to seek to replace his attorney.  ECF No. 1 at 2-5, 7-11.  He alleges that Defendants Public Defender Jayakhymar, Judges Davis, Maguire, Parsky and Church, and Defendants expert witness psychiatrists Dr. Badre, Dr. Boyde, Dr. Naimark and Dr. Rao, participated in those unfair proceedings, allowed him to be declared incompetent, permitted him to be forcibly medicated, and deprived him of the opportunity to prove that his confiscated personal property was used to fund Defendant Governor Newsom's campaign. (*Id*.)  Plaintiff seeks money damages and an injunction preventing Defendants from practicing law or owning property in California. *Id*. at 13.

Defendants Judges Davis, Maguire, Parsky and Church are immune from actions arising from the discharge of their official duties as alleged by Plaintiff here. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not.")  Plaintiff's claims against Defendants Attorney General Bonta and Deputy District Attorney Blaylock with respect to his criminal and competency proceedings are barred by the doctrine of quasi-judicial immunity. Prosecutors are entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by a prosecutor

in the performance of an integral part of the criminal judicial process as alleged by Plaintiff here. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 427-29 (1976); *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quasi-judicial immunity is available for attorneys general for conduct related to their state litigation duties in civil suits). Plaintiff has also failed to state a claim against Defendant Public Defender Jayakhymar. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The public defender] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's sua sponte dismissal of prisoner's § 1983 claims against appointed counsel). Accordingly, all claims against Defendants Bonta, Blaylock, Jayakhymar, Davis, Maguire, Parsky and Church are dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) as they seek damages from defendants who are immune. *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

The allegations against Defendants Governor Newsom and Patton State Hospital are entirely conclusory (*see* ECF No. 1 at 2-3, 8), and allegations as to Defendant the People of the State of California are absent from the Complaint, and therefore fail to state a claim on that basis. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a 42 U.S.C. § 1983 claim for relief.) Defendants Newsom, Patton State Hospital and the People of the State of California are dismissed sua sponte pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim. *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

In addition, Plaintiff is unable to state a claim under 42 U.S.C. § 1983 against any Defendant based on allegations he was wrongfully convicted and sentenced, as such claims as currently alleged sound only in habeas. Claims related to the "circumstances" of a

prisoner's confinement are brought in a civil rights action under 42 U.S.C. § 1983, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004), citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action."), citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). A claim based on "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable under § 1983 unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his conviction has been invalidated. *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'"), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the exclusive means to attack the validity of his confinement in federal court).

Because Plaintiff does not allege his conviction has been invalidated by way of direct appeal, executive order, or through the issuance of a writ of habeas corpus, *Heck*, 512 U.S. at 487, all claims against Defendants Newsom, Bonta, Blaylock, Jayakhymar, Maguire, Parsky, Church, Dr. Badre, Dr. Boyde, Dr. Naimark, Dr. Rao, Patton State Hospital and the People of the State of California are also *sua sponte* dismissed from this action for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

### C.  Eighth Amendment failure to protect claim

Plaintiff also claims his Eighth Amendment rights were violated when he was attacked in his cell on November 17, 2019. ECF No. 1 at 6. He alleges he was a Sensitive Needs Yard inmate in state prison, but the San Diego Sheriff's Department housed him in the general population which allowed the attack to occur. *Id.* Because there are no other details provided, the conclusory allegations in support of this claim fail to plausibly allege an Eighth Amendment violation. *See Ivey*, 673 F.2d at 268 ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a 42 U.S.C. § 1983 claim for relief.)

In addition, the only Defendant identified as violating the Eighth Amendment is the San Diego Sheriff's Department. In order to sue a governmental unit or municipality, Plaintiff is required to allege facts which show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the agency, or a "final decision maker." *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *Board of the County Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). Plaintiff fails to state a claim because he has failed to allege any facts which "might plausibly suggest" that the entity itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims). Neither has he identified any individual who he claims violated his constitutional rights in relation to the assault. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights). To the extent Plaintiff attempts to state a claim for assault by the police at Patton State Hospital (*see* ECF No. 1 at 7), the

allegations similarly fail to state a claim as they are also conclusory and there are no individuals identified whom Plaintiff alleges are responsible. *Id*.

### D. Misjoinder of claims

Finally, the Complaint attempts to raise claims regarding Plaintiff's criminal proceedings against one set of Defendants and his assault by other inmates against a separate Defendant without any apparent relationship between the acts or the Defendants. Federal Rule of Civil Procedure 20 states that Defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2)(A-B).

Here, Plaintiff's allegations regarding his criminal/competency proceedings and his assault are not a set of "transactions or occurrences" which contain a common question of law or facts. If the requirements for permissive joinder under Rule 20 are not satisfied, courts may sever under Federal Rule of Civil Procedure 21. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Under Rule 21, where a court finds misjoinder, "on its own" it may "drop a party" or "sever any claim against a party." Fed.R.Civ.P. 21. Therefore, if Plaintiff chooses to amend his pleading and include claims that are entirely unrelated, the claims may be severed from this action.

### E. Leave to Amend

Accordingly, the Court finds that Plaintiff's Complaint fails to state a plausible claim against any named Defendant, and that it is therefore subject to sua sponte dismissal in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. Because Plaintiff is proceeding pro se, the Court will grant him an opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

4) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

5) **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does

///

not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 20, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge