UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES, CDCR #G-43030,<br><br>  Plaintiff,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No.: 24cv-0401-CAB (DTF)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff William Dawes, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 26, 2024, accompanied by a motion to proceed in forma pauperis. ECF Nos. 1-2. Plaintiff named as Defendants the People of the State of California, the Governor of California, the California Attorney General, a Deputy District Attorney, a Public Defender, four Judges, the San Diego Sheriff's Department, Patton State Hospital, and four psychiatrists. ECF No. 1 at 2-5. He claimed they violated his federal constitutional rights in connection to his criminal trial and competency determination in the San Diego County Superior Court and failed to protect him from assault by inmates at the San Diego County Jail. *Id*. at 6-11.

1

On May 20, 2024, the Court granted Plaintiff leave to proceed in forma pauperis and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require the court to *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. ECF No. 6. The Court found that Plaintiff's claims against the prosecutors, judges and defense counsel in his criminal proceedings and competency determination failed to state a claim because those Defendants were immune from relief with respect to their involvement in those proceedings and because Plaintiff had failed to allege his conviction has been declared invalid. *Id*. at 4-7. The Court dismissed the remaining claims against the remaining Defendants as conclusory. *Id*. at 5, 7-8. Plaintiff was informed of those pleading defects and granted leave to amend on or before July 5, 2024. *Id*. at 8-9.

On May 20, 2024, the same day the dismissal Order was filed, the Clerk of Court docketed Plaintiff's First Amended Complaint. ECF No. 7. The First Amended Complaint suffers from the same defects of pleading as the original Complaint, which is understandable because Plaintiff did not have the benefit of this Court's dismissal Order identifying and informing him of those pleading defects.

Accordingly, the First Amended Complaint is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim for the same reasons set forth in the Court's May 20, 2024, dismissal Order. If Plaintiff wishes to proceed with this action, he may, **on or before July 5, 2024,** file a Second Amended Complaint which cures the deficiencies of pleading noted in the Court's May 20, 2024 dismissal Order. Plaintiff's Second Amended Complaint must be complete by itself without reference to any prior pleading. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

1  If Plaintiff fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: May 21, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge