UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES, CDCR #G-43030,<br><br>                              Plaintiff,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>                              Defendants. | Case No.: 24cv-0401-CAB (DTF)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

On February 26, 2024, Plaintiff William Dawes, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed in forma pauperis. ECF Nos. 1-2. Plaintiff named as Defendants the People of the State of California, the Governor of California, the California Attorney General, a Deputy District Attorney, a Public Defender, four Judges, the San Diego Sheriff's Department, Patton State Hospital, and four psychiatrists. ECF No. 1 at 2-5. He claimed they violated his federal constitutional rights in connection to his criminal trial and competency determination in the San Diego County Superior Court and failed to protect him from assault by inmates at the San Diego County Jail. *Id*. at 6-11.

On May 20, 2024, the Court granted Plaintiff leave to proceed in forma pauperis and screened his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b), which require the court to *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. ECF No. 6. The Court found that Plaintiff's claims against the prosecutors, judges and defense counsel in his criminal proceedings and competency determination failed to state a claim because those Defendants were immune from relief with respect to their involvement in those proceedings and because Plaintiff had failed to allege his conviction has been declared invalid. *Id*. at 4-7. The Court dismissed the remaining claims against the remaining Defendants as conclusory. *Id*. at 5, 7-8. Plaintiff was informed of those pleading defects and granted leave to amend on or before July 5, 2024. *Id*. at 8-9.

On May 20, 2024, the same day the dismissal Order was filed, the Clerk of Court docketed Plaintiff's First Amended Complaint. ECF No. 7. The First Amended Complaint suffered from the same defects of pleading as the original Complaint because Plaintiff did not have the benefit of this Court's dismissal Order identifying and informing him of those pleading defects. Accordingly, on May 21, 2024, the Court dismissed the First Amended Complaint *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with leave to amend for failure to state a claim for the same reasons set forth in the Court's May 20, 2024, dismissal Order. ECF No. 8.

Plaintiff has now filed a Second Amended Complaint ("SAC"). ECF No. 9.

**II.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

    **A.     Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his SAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quote marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Claims Challenging Criminal Proceedings**

Plaintiff alleges in the SAC, as he did in his original Complaint, that Defendants California Governor Newsom and California Attorney General Bonta allowed Defendant Deputy District Attorney Blaylock to criminally prosecute him, which involved competency proceedings, without ensuring he received a fair trial. ECF No. 9 at 3-7, 8-17. He alleges that Defendants Public Defender Jayakhymar, Judges Davis, Maguire, Parsky and Church, and Defendants expert witness psychiatrists Dr. Badre, Dr. Boyde, Dr. Naimark and Dr. Rao, participated in those unfair proceedings, allowed him to be declared

incompetent, permitted him to be forcibly medicated, and deprived him of his personal property. *Id*. He alleges Defendant San Diego Sheriff's Department allowed him to be attacked at the San Diego Jail on May 17, 2019. *Id*. at 8. Plaintiff adds Defendant "Salinas Valley State Prison Mailroom Employees," and alleges they seized his property in May of 2024, after this action was filed, in retaliation for filing a lawsuit. *Id*.

As Plaintiff was informed in the Court's prior dismissal Order, Defendants Judges Davis, Maguire, Parsky and Church are immune from actions arising from the discharge of their official duties as alleged by Plaintiff here. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *Moore v. Urquhart*, 899 F.3d 1094, 1104 (9th Cir. 2018) ("Section 1983 . . . provides judicial officers immunity from injunctive relief even when the common law would not.") Plaintiff was also informed that his claims against Defendants Attorney General Bonta and Deputy District Attorney Blaylock with respect to his criminal and competency proceedings are barred by the doctrine of quasi-judicial immunity. Prosecutors are entitled to absolute quasi-judicial immunity from liability for damages under 42 U.S.C. § 1983 when the alleged wrongful acts were committed by a prosecutor in the performance of an integral part of the criminal judicial process as alleged by Plaintiff here. *See, e.g., Imbler v. Pachtman*, 424 U.S. 409, 427-29 (1976); *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quasi-judicial immunity is available for attorneys general for conduct related to their state litigation duties in civil suits). Plaintiff was also informed he failed to state a claim against Defendant Public Defender Jayakhymar. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The public defender] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, his function was to represent his client, not the interests of the state or county."); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's

*sua sponte* dismissal of prisoner's § 1983 claims against appointed counsel). Because it is now clear Plaintiff is unable to state a claim against Defendants Bonta, Blaylock, Jayakhymar, Davis, Maguire, Parsky and Church, they are *sua sponte* dismissed without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for seeking relief from defendants who are immune. *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

Plaintiff was also previously informed that he is unable to state a claim under 42 U.S.C. § 1983 against any Defendant based on allegations he was wrongfully convicted and sentenced, because such claims as alleged sound only in habeas. Claims related to the "circumstances" of a prisoner's confinement are brought in a civil rights action under 42 U.S.C. § 1983, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004), citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action."), citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). A claim based on "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable under § 1983 unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). To the extent Plaintiff seeks damages based on claims that he has been unlawfully convicted, sentenced, and/or incarcerated, he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his conviction has been invalidated. *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but

not to the fact or length of his custody.'"), *quoting Preiser*, 411 U.S. at 498-99 (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the exclusive means to attack the validity of his confinement in federal court).

Because Plaintiff does not allege his conviction has been invalidated by way of direct appeal, executive order, or through the issuance of a writ of habeas corpus, *Heck*, 512 U.S. at 487, and it is now clear he is unable to do so, all claims against Defendants Newsom, Bonta, Blaylock, Jayakhymar, Maguire, Parsky, Church, Dr. Badre, Dr. Boyde, Dr. Naimark, Dr. Rao, Patton State Hospital and the People of the State of California are *sua sponte* dismissed without further leave to amend for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

### C.     Eighth Amendment failure to protect claim

Plaintiff also once again claims his Eighth Amendment rights were violated when he was attacked in his cell on November 17, 2019. ECF No. 9 at 8. He alleges he was a Sensitive Needs Yard inmate in state prison, but the San Diego Sheriff's Department housed him in the general population which allowed the attack to occur. *Id*. Plaintiff was instructed in the prior dismissal Order that such conclusory allegations in support of this claim fail to plausibly allege an Eighth Amendment violation, and he has not cured that pleading defect in the SAC. *See* ECF No. 6 at 7, citing *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient" to state a 42 U.S.C. § 1983 claim for relief.)

In addition, the only Defendant identified as violating the Eighth Amendment is, once again, the San Diego Sheriff's Department. Plaintiff was instructed in the Court's prior dismissal Order that in order to sue a governmental unit or municipality, Plaintiff is required to allege facts which show that a constitutional deprivation was caused by the implementation or execution of "a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the agency, or a "final decision maker." *See Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978); *Board of the County*

*Commissioners v. Brown*, 520 U.S. 397, 402-04 (1997); *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). The SAC again fails to state a claim in this context because Plaintiff has again failed to allege any facts which "might plausibly suggest" that the entity itself violated his constitutional rights. *See Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (applying *Iqbal*'s pleading standards to *Monell* claims). Neither has he identified any individual who he claims violated his constitutional rights in relation to the assault. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (42 U.S.C. § 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, or failure to perform legally required duties, cause the deprivation of plaintiff's constitutionally protected rights). To the extent Plaintiff attempts to state a claim for assault by the police at Patton State Hospital the allegations in the SAC similarly fail to state a claim as they are also once again conclusory and there are no individuals identified whom Plaintiff alleges are responsible. Accordingly, Plaintiff's Eighth Amendment claim against Defendant San Diego Sheriff's Department is *sua sponte* dismissed without further leave to amend for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

### D.   New Claim/Defendant

Finally, the SAC presents a new claim against a new Defendant which was not present in the other versions of the complaint. Plaintiff adds Defendant "Salinas Valley State Prison Mailroom Employees," and alleges they seized his property in May of 2024, after this action was filed, in retaliation for filing a lawsuit. ECF No. 9 at 8.

Plaintiff was instructed in the Court's prior dismissal Order that Federal Rule of Civil Procedure 20 states that Defendants may be joined in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2)(A-B). Here, Plaintiff's allegations regarding his assault and criminal proceedings

from 2019 through 2023 in San Diego County which is located in the Southern District of California, and his alleged confiscation of personal property at Salinas Valley State Prison in Soledad, California, in May of 2024 after this action was filed, which is located in the Northern District of California, are not a set of "transactions or occurrences" which contain a common question of law or facts.  Plaintiff was instructed that if the requirements for permissive joinder under Rule 20 are not satisfied, as they are not with this claim, the court may sever under Federal Rule of Civil Procedure 21.  *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).  Plaintiff was instructed that under Rule 21, where a court finds misjoinder, "on its own" it may "drop a party" or "sever any claim against a party." Fed.R.Civ.P. 21.  He was warned that if he chose to amend his pleading and include claims that are entirely unrelated, the claims may be severed from this action.  Accordingly, the Court severs Plaintiff's new claim against new Defendant Salinas Valley State Prison Mailroom Employees from this action and dismisses it without prejudice to Plaintiff to attempt to proceed with this claim in the Northern District of California.

### E. Leave to Amend

Because it is now absolutely clear that further amendment would be futile, the dismissal of this action is without further leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of leave to amend is not an abuse of discretion where further amendment would be futile); *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) ("While Fed.R.Civ.P. 15(a) encourages leave to amend, district courts need not accommodate futile amendments.")

### III.   Conclusion and Orders

For the reasons explained, the Court **DISMISSES** Plaintiff's Second Amended Complaint without further leave to amend for failing to state a claim upon which relief may

be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).  The Clerk of Court will enter final judgment accordingly and close the case file.

**IT IS SO ORDERED**.

Dated:  June 6, 2024

_____
Hon. Cathy Ann Bencivengo
United States District Judge