UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DAWES, CDCR #G-43030,<br><br>                                    Plaintiff,<br><br>vs.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>                                  Defendants. | Case No.: 24cv0401-CAB (DTF)<br><br>**ORDER DENYING MOTION TO STAY JUDGMENT AND RESPONDING TO REFERRAL NOTICE** |

      On June 6, 2024, the Court entered final judgment dismissing the Second Amended Complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff William Dawes, a state prisoner proceeding pro se and in forma pauperis.  ECF No. 11.  Plaintiff appealed the judgment.  On June 26, 2024, the Ninth Circuit referred the matter to this Court for the "limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith."  ECF No. 15.  On July 5, 2024, Plaintiff filed a Motion to Stay Judgment.  ECF No. 16.

      Plaintiff's Motion to Stay Judgment requests relief from his state criminal judgment.  *See id*.  This is the same relief Plaintiff was informed three times by this Court in its Orders

dismissing the three versions of his complaint is unavailable to him in a 42 U.S.C. § 1983 action. *See* ECF No. 6 at 4-7; ECF No. 8 at 2; ECF No. 10 at 3-6. The Court lacks jurisdiction to reopen the judgment in this case to revisit the merits of Plaintiff's claims challenging his state criminal judgment, which the Court has rejected in its three prior Orders of dismissal. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654-55 (9th Cir. 1991) (district court may not modify or alter its judgment while appeal is pending, although it may issue orders clarifying its judgment or order). Were the Court to address the motion, it would deny it for the same reasons the Court has three times denied Plaintiff's claims challenging his state criminal conviction. *See* ECF No. 6 at 4-7; ECF No. 8 at 2; ECF No. 10 at 3-6. Accordingly, Plaintiff's Motion to Stay Judgment [ECF No. 14] is **DENIED**.

In addition, the United States Cout of Appeals for the Ninth Circuit has referred this matter for the "limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." ECF No. 15. Rule 24(a)(3) of the Federal Rules of Appellate Procedure provides that a party granted leave to proceed in forma pauperis in the district court may continue in that status on appeal unless the district court, before or after the notice of appeal is filed, certifies that the appeal is not taken in good faith, which in this context means that it is frivolous. *See Ellis v. United States*, 356 U.S. 674, 674-75 (1958) ("Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, the request of an indigent for leave to appeal in forma pauperis must be allowed.") (citation omitted). Title 28, United States Code, section 1915(a)(3), similarly provides that an appeal may not be taken IFP "if the trial court certifies in writing it is not taken in good faith." For purposes of that section an appeal is "frivolous" if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Court concluded in its prior dismissal Orders that Plaintiff is unable under any circumstances to state a claim in this action regarding his state criminal conviction against the judges, prosecutors and expert witnesses involved in his criminal proceedings whom he named as Defendants. *See* ECF No. 6 at 4-7; ECF No. 8 at 2; ECF No. 10 at 3-6. The

appeal of the dismissal of those claims is frivolous because it lacks an arguable basis in law or fact. *See Neitzke*, 490 U.S. at 325. The Court also concluded that Plaintiff's conclusory allegations of the Defendants' failure to protect him from assault failed to state an Eighth Amendment claim. *See* ECF No. 6 at 7-8; ECF No. 8 at 2; ECF No. 10 at 6-7. Plaintiff was repeatedly instructed on the need to provide a factual basis for such a claim, and repeatedly failed to even attempt to do so. *See Id*. His appeal of the dismissal of those claims is also frivolous. *See Neitzke*, 490 U.S. at 325.

## CONCLUSION AND ORDERS

The Court concludes that Plaintiff's appeal lacks an arguable basis in law or fact and is thus considered as not being taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). Accordingly, the Court **REVOKES** Plaintiff's in forma pauperis status. The Clerk of Court is directed to notify the Ninth Circuit Court of Appeals of this Order. *See* Fed. R. App. P. 24(a)(4). Plaintiff's Motion to Stay Judgment [ECF No. 16] is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 9, 2024

Hon. Cathy Ann Bencivengo
United States District Judge